**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

Alexander Bell, a/k/a Saulyaman Al Islam Wa Salaam, a/k/a Sulyaman Al Wa Salaam,

Petitioner,

v.

Columbia Care Center, DMH Department of Mental Health; Eldon Wyatt; Lt. McClease and Sgt Cummings,

Respondents.

CIVIL ACTION NO. 9:08-0906-GRA-BM

**REPORT AND RECOMMENDATION**

This action has been filed by the Petitioner, pro se , pursuant Title 28, United States Code, Section 2254. Petitioner, who is involuntarily committed with the South Carolina Department of Mental Health, alleges violations of his constitutional rights.

The Respondents filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 22, 2008. Because the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 24, 2008, advising the Petitioner of the importance of a motion for summary judgment and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to adequately respond, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the Respondents' motion on October 29, 2008. This matter is now before the Court for deposition.[1]

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment.

**Background**

Petitioner is a frequent filer of litigation in this Court. In his habeas Petition, Petitioner asserts that he was arrested after being assaulted by two illegal immigrants, and that he thereafter never received his "day in court". Petitioner asserts that he was incarcerated at the Just Care Columbia Care Center, where he has received medications from nurses "wearing both glove[s] and mask[s]." Petitioner alleges that the Just Care Detention Center is improperly working with the Court, the Public Defender's office, and the Prosecutor's office to incarcerate him, and that he has "been mentally and physically challenged in both court and institutions." Petitioner alleges that he has not been convicted of anything, and that he has been denied court hearings and is being illegally detained. Petitioner asks that he be brought before a court of law, and also seeks punitive and exemplary damages.[2] See generally, Petition.

The evidence provided to the Court shows that Petitioner was charged with assault and battery arising out of an incident on or about July 15, 2005, following which it was ordered that he be evaluated as to whether he was competent to stand trial. See Wyatt Supplemental Affidavit, ¶¶ 5-6 and Attachments. On December 11, 2006, Dr. Michael Cross of the South Carolina Department of Mental Health issued a report stating that Petitioner was not competent to stand trial and was

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]Monetary damages are not available in a habeas corpus action. See, e.g., Abreu v. Barnes, No. 08-3013, 2009 WL 260796 (D.N.J. Feb. 4, 2009); Lyons v. U.S. Parole Comm., No. 08-342, 2009 WL 211583 (E.D.Va. Jan. 28, 2009)["Monetary damages are not available in a habeas action.] See McKinney-Bey v. Hawk-Sawyer, 69 Fed. Appx. 113 (4th Cir. 2003). Therefore, Petitioner's claims for monetary damages in this action must be dismissed, even if Petitioner were to otherwise be found to be entitled to habeas relief. The undersigned takes judicial notice, however, that Petitioner currently has a separate 42. U.S.C. § 1983 case pending in this Court alleging that he is being denied his constitutional rights. See C.A. No. 08-1746. Petitioner is seeking monetary damages in that case.

unlikely to become "restored" in the foreseeable future. See Wyatt Supplemental Affidavit, Attachments. The Court of General Sessions for the Fifth Judicial Circuit thereafter entered a finding of incompetence and ordered that Petitioner be sent to the William S. Hall Psychiatric Institute on March 22, 2007. See Wyatt Supplemental Affidavit, ¶ 76 and Attachment. This action was taken with the consent of both the Solicitor and the Petitioner's attorney. Id.

Pursuant to S.C.Code Ann. § 44-17-510, a petition for judicial admission was filed with the Richland County Probate Court on March 26, 2007. See Wyatt Supplemental Affidavit, ¶ 8 and Attachment. Pursuant to S.C.Code Ann. § 44-17-530, two Reports of Designated Examiners for Mental Illness were received and filed with the Probate Court on April 30, 2007. See Wyatt Supplemental Affidavit, ¶¶ 8-9 and Attachments. Both of these reports concluded that Petitioner was mentally ill and recommended involuntary hospitalization. Id. After conducting a hearing, the Richland County Probate Court entered an Order on May 3, 2007 committing Petitioner to the Department of Mental Health. See Wyatt Supplemental Affidavit, ¶ 12 and Attachment.

Petitioner did not appeal this Order, nor has Petitioner filed a Petition for writ of habeas corpus with the State of South Carolina pursuant to S.C.Code Ann. § 44-22-20. Petitioner did, however, file a petition with the Richland County Probate Court on April 22, 2008 for a re-examination of his commitment to the Psychiatric Institute, which is still pending. See S.C.Code Ann. § 44-17-630.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter





of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the Petition and other materials filed in this case, the undersigned finds and concludes that the Respondents are entitled to summary judgment.

The Columbia Care Center, a/k/a, Just Care, is a private company that provides nursing and some physician care pursuant to a contract with the South Carolina Department of Mental Health. See Wyatt Affidavit. The three individuals named as Respondents in this action are all employees of the Columbia Care Center. See Wyatt, McClease and Cummings Affidavits. Since the South Carolina Department of Mental Health is the entity which has custody over the Petitioner; see Probate Court Order [Wyatt Supplemental Affidavit, ¶ 10 and Attachment]; that state agency is the only proper Respondent in this habeas action. Cf. Rumsfeld v. Padilla, 542 U.S. 426, 426-427 (2004)[Custodian of a prisoner is the proper respondent in a habeas action]. Indeed, it does not appear that the Petitioner is even being housed at the Just Care facility at this time. See Change of Address Notice (Court Docket No. 54). Therefore, the individual Respondents as well as the private company Respondent are all entitled to dismissal as parties in this case.

As for the Respondent Department of Mental Health, claims challenging involuntary commitment to mental institutions are cognizable under § 2254. Miller v. Blalock, 356 F.2d 273,



274 (4th Cir. 1966); Draper v. Brown, No. 06-1333, 2007 WL 433237at * * 1-2 (W.D.Okla. Feb. 2, 2007); Muhammad v. Connery, No. 05-3441, 2006 WL 2038246 at *2 (D.S.C. July 18, 2006). However, before proceeding with a habeas petition under § 2254 in this Court, Petitioner is required to first exhaust his available state remedies. See 28 U.S.C. § 2254(b); Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert denied, 522 U.S. 833 (1997); Draper, 2007 WL 433237 at * * 1-2; Muhammad, 2006 WL 203826 at * * 2-3. Petitioner has at least two available state remedies to contest his continuing incarceration which he has not exhausted. He may appeal the commitment order of the South Carolina Probate Court; see S.C.Code Ann. § 44-17-620; or he can file a petition for writ of habeas corpus in a state court pursuant to S.C.Code Ann. § 44-22-20. Further, Petitioner has an action currently pending with the Richland County Probate Court for a re-examination of his commitment order, which he filed pursuant to S.C.Code Ann. § 44-17-630. That petition is still pending and therefore that remedy has also not been exhausted by the Petitioner.

Since Petitioner has viable state court remedies which have not been fully utilized, this Petition should be dismissed for failure to exhaust state remedies. See Galloway v Stephenson, 510 F.Supp. 840, 846 (M.D.N.C. 1981)["When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"]; Draper, 2007 WL 433237 at * * 1-3; Muhammad, 2006 WL 2038346 at *3.

**Conclusion**

Based on the foregoing, it is recommended that the Respondents Columbia Care Center, Wyatt, McClease and Cummings all be **dismissed** as party Respondents in this action for the reasons stated. It is further recommended that the Petition for Writ of Habeas Corpus against the

remaining Respondent South Carolina Department of Mental Health be **dismissed,** without prejudice, for failure to exhaust administrative remedies.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

March 13, 2009

Charleston, South Carolina



p6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

